UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ONLINE PUBLICATION ONLY

---------------------------------------------------------------- X
KRZYSZTOF BLASZCZYK and
AGNIESZKA BLASZCZYK,

                 Plaintiffs,

              - against -

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, JANET
NAPOLITANO, Secretary of the Department
of Homeland Security, and ALEJANDRO
MAYORKAS, Director of U.S. Citizenship and
Immigration Services,

                 Defendants.
---------------------------------------------------------------- X

MEMORANDUM
AND ORDER

09-CV-5212 (JG)

A P P E A R A N C E S:

    PRZEMYSLAW J. BLOCH
        26 Court Street, Suite 2113
        Brooklyn, NY 11242
        Attorney for Plaintiffs

    BENTON J. CAMPBELL
        United States Attorney for the Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, NY 11201
    By:    Margaret M. Kolbe
        Attorney for Defendants

JOHN GLEESON, United States District Judge:

        Plaintiffs Krzysztof and Agnieszka Blaszczyk are citizens of Poland who applied together in 2007 for adjustment of status to that of legal permanent resident. United States Citizenship and Immigration Services ("USCIS") found that the Blaszczyks were ineligible for adjustment of status, and plaintiffs bring this action to challenge the agency's interpretation of

the applicable statute. The government objects to the Court's jurisdiction to hear the action. For the reasons set forth below, the case is dismissed because the Blaszczyks must exhaust the administrative remedies available to them in their pending removal proceedings before seeking judicial review.

BACKGROUND

Krzysztof and Agnieszka both entered the United States on tourist visas that have since expired. They were married in 2007. Later that year, Krzysztof applied to USCIS for adjustment of status to legal permanent resident under an employment-based visa. As Krzysztof's wife, Agnieszka was named as a derivative beneficiary of his application for adjustment.

The Blaszczyks' application faced a difficulty at the threshold. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 generally renders ineligible for adjustment of status "a person who is in unlawful immigration status on the date of the filing the application for adjustment of status or who has failed … to maintain continuously a lawful status since entry into the United States." Immigration and Nationality Act ("INA"), § 245(c); 8 U.S.C. § 1255(c).

The statute, however, recognizes an exception to the continuous-lawful-status requirement for applicants who, on or before April 30, 2001, were beneficiaries of properly-filed visa applications. INA, § 245(i); 8 U.S.C. § 1255(i). In 1994, Agnieszka's U.S.-citizen uncle Jerzy filed visa petitions to bring his brother Jan and Jan's immediate family, including Agnieszka, to the United States. By the time Jan was given a green card, Agnieszka had passed her twenty-first birthday and hence was too old to claim a visa through her father. But in connection with their adjustment application, the Blaszczyks contended that Krzysztof – the

2

principal applicant for adjustment of status – could rely on Agnieszka's uncle's application, which was filed before April 30, 2001, to avoid section 245(c)'s bar.

In decisions dated April 9, 2009, August 7, 2009, and October 6, 2009, USCIS disagreed with the Blaszczyks' interpretation of section 245(i), holding that Krzysztof could not be grandfathered by Agnieszka's uncle's petition because he and Agnieszka were married after that petition was filed. Accordingly, the agency determined that the Blaszczyks were not eligible for adjustment of status, and denied their application.

On November 30, 2009, the Blaszczyks brought this action against the immigration authorities under the Administrative Procedure Act, seeking a declaration that Krzysztof could take advantage of Agnieszka's uncle's petition, and also requesting injunctive relief to require USCIS to reopen the adjustment of status application.

On February 18, 2010, the Department of Homeland Security commenced removal proceedings against the Blaszczyks by filing previously-served Notices to Appear with the Immigration Court.

DISCUSSION

The government contends that this Court lacks jurisdiction to consider the complaint because the Blaszczyks have not exhausted their administrative remedies.[1] I agree.

Under the doctrine of exhaustion of remedies, a party may not seek federal judicial review of an adverse administrative determination until she has first sought all possible

---

[1] As an alternative argument, the government asserts that section 242(a)(2)(B)(i) of the INA strips the Court of jurisdiction. That provision states that "no court shall have jurisdiction to review … any judgment regarding the granting of relief under [section 245 of the INA]." 8 U.S.C. § 1252(a)(2)(B)(i). As interpreted by the Second Circuit, however, section 242(a)(2)(B)(i) does not bar judicial review of nondiscretionary decisions regarding an alien's eligibility for relief under section 245. *Sepulveda v. Gonzales*, 407 F.3d 59, 62-63 (2d Cir. 2005). Because the Blaszczyks' complaint seeks review of a legal determination regarding their eligibility for adjustment of status, section 242(a)(2)(B)(i) has no application to this case.

relief within the agency itself. *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003). The exhaustion requirement may arise from explicit statutory language, or may be judicially inferred from the presence of an administrative scheme providing for agency relief. *Id.* at 56-57.

The Blaszczyks are now subject to removal proceedings before an Immigration Judge, where they have the opportunity to renew their applications for adjustment of status. *See* 8 C.F.R. § 1245.2(a)(1)(i) ("In the case of any alien who has been placed … in removal proceedings … the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file."). If the Immigration Judge upholds the agency's interpretation of section 245(i) and orders the Blaszczyks removed, they may appeal that decision to the Board of Immigration Appeals. If and when the Blaszczyks exhaust their administrative remedies without success, judicial review of their final orders of removal will lie not in this Court, but in the Second Circuit. *See* INA, § 242(a)(5); 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals … shall be the sole and exclusive means for judicial review of an order of removal").

The Blaszczyks concede that they can pursue their adjustment application anew before the Immigration Judge. But they rely on the Supreme Court's pronouncement in *Darby v. Cisneros*, 509 U.S. 137 (1993), that federal courts do not have authority to impose an exhaustion requirement where neither the relevant statute nor agency rules specifically mandate exhaustion

as a prerequisite to judicial review.[2]  Here, there is no explicit statutory exhaustion requirement, but the applicable rules identify the administrative remedies for the Blaszczyks to pursue: "No appeal lies from the denial of an application [under section 245] by the director, but the applicant … retains the right to renew his or her application in [removal] proceedings."  8 C.F.R. § 245.2(a)(5)(ii).  In *Howell v. United States*, 72 F.3d 288 (2d Cir. 1995), the Second Circuit held that this regulation satisfies *Darby*'s requirement of an administrative scheme that specifically mandates exhaustion.  *Id.* at 293 ("This exhaustion requirement arises as a result of the administrative remedies available to Howell pursuant to the statutory and regulatory schemes involving adjustment of status.").  Accordingly, once removal proceedings begin, a district court lacks jurisdiction to review an agency decision denying an application for adjustment of status under section 245.

*Howell* also makes clear that a district court lacks jurisdiction once removal proceedings begin even if those proceedings commenced after the complaint was filed.  In *Howell*, the disappointed applicant was placed in removal proceedings only while her case was pending before the Second Circuit.  Nevertheless, the courts lacked jurisdiction to review the agency decision "once deportation proceedings commenced, because [the applicant] failed to exhaust her administrative remedies."  *Id.*  As in *Howell*, the pending removal proceedings here require that I dismiss the plaintiffs' claims for failure to exhaust their remedies before the immigration court.

---

[2]  Plaintiffs also cite *Richards v. Napolitano*, 642 F. Supp. 2d 118 (E.D.N.Y. 2009), where the court entertained an immigrant's action to review a purely legal determination by USCIS, even though removal proceedings were pending.  In that case, the plaintiff sought review of an agency decision to deny a visa petition filed on her behalf by her deceased husband.  Because she was the beneficiary of the visa petition, rather than the petitioner, she apparently lacked "standing" under the regulations to challenge the agency's decision in the removal proceedings.  *See In re Sano*, 19 I. & N. Dec. 299 (BIA 1985).  Accordingly, there were no further administrative remedies for the plaintiff to exhaust.  *Richards*, 642 F. Supp. 2d at 118 ("I am satisfied that plaintiff has exhausted all administrative avenues of relief available to her prior to bringing this action.").

CONCLUSION

For the foregoing reasons, the complaint is dismissed for lack of jurisdiction.

So ordered.


John Gleeson, U.S.D.J.

Dated: March 21, 2010
Brooklyn, New York